UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GARY CREDDILLE,

       Plaintiff,        **MEMORANDUM**
                     **AND ORDER**

   -against-         **11-CV-5442 (SLT)(RLM)**

THE MTA TRANSIT AUTHORITY;
CORE ENVIRONMENTAL CORP.,

       Defendants.
-------------------------------------------------------------x
GARY CREDDILLE,

       Plaintiff,

   -against-         **11-CV-5443 (SLT)(RLM)**

THE MTA TRANSIT AUTHORITY;
CORE ENVIRONMENTAL CORP.,

       Defendants.
-------------------------------------------------------------x
GARY CREDDILLE,

       Plaintiff,

   -against-         **11-CV-5444 (SLT)(RLM)**

THE MTA TRANSIT AUTHORITY;
CORE ENVIRONMENTAL CORP.,

       Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

   In a letter to the Court dated June 25, 2012 ("Def. Letter"), defendants jointly request a

120-day extension of the July 13th fact discovery deadline, reportedly with the consent of *pro*

*se* plaintiff Gary Creddille.  The motion for extension of time is granted, with fact discovery

extended until November 9, 2012.  The Court similarly adjourns the July 23rd settlement

conference until November 16, 2012, at 10:00 a.m., in Courtroom 13C-S.

Defendants also complain about "plaintiff's failure to participate in and/or comply with

discovery."  Def. Mem. at 1.  In particular, defendants contend that plaintiff has not served his

Rule 26 disclosures; has served responses to discovery demands that are "random,

disorganized, improper and incomplete"; and has ignored requests that he provide the MTA's

defense counsel with "copies of all discovery demands and/or responses served or received by

him." Id.

As for plaintiff's failure to serve his initial disclosures under Rule 26 of the Federal

Rules of Civil Procedure, it appears that at the initial conference on January 27, 2012, the

Court neglected to set a deadline for such disclosures.  See Minute Entry (Jan. 27, 2012).

Therefore, the Court will do so now.  Plaintiff is directed to serve his initial disclosures by

July 6, 2012.  A copy of Rule 26 is being forwarded to plaintiff with this Order.  Any

questions regarding the requirements of Rule 26(a)(1) should be addressed to the Pro Se

Clerk's Office, 718-613-2665.

Regarding the alleged insufficiency of plaintiff's responses to the MTA's discovery

demands, the Court is in no position to rule on that claim, as defendants have neither attached

the challenged responses nor particularized the alleged deficiencies therein.  Furthermore, the

Court is not convinced that the parties have conferred in good faith in an attempt to resolve this

discovery dispute, as they are required to do by both the Federal Rules of Civil Procedure and

the Local Civil Rules.  Plaintiff is reminded of his obligation to cooperate in discovery.

Finally, counsel for defendant Core complains that plaintiff has not provided him with

"copies of all discovery demands and/or responses served or received by him." Def. Letter at 1. The Court is unclear as to what Core is requesting. To the extent that Core is seeking copies of documents and demands exchanged between plaintiff and co-defendant MTA, Core fails to explain why these materials cannot be obtained from counsel for the MTA, on whose behalf Core's letter also is written, and who presumably has easier access to copying equipment than does *pro se* plaintiff.

All parties are directed to work together cooperatively to further the discovery process.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
          **June 26, 2012**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**