UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
GARY CREDDILLE,

                          Plaintiff,

      -against-

THE MTA TRANSIT AUTHORITY and
CORE ENVIRONMENTAL CORP.,

                         Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-5442 (SLT)(RLM)
11-CV-5443 (SLT)(RLM)
11-CV-5444 (SLT)(RLM)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a motion by *pro se* plaintiff Gary Creddille ("plaintiff"), requesting that the undersigned magistrate judge recuse herself from these consolidated actions. See Motion for Recusal (Feb. 4, 2013) ("Pl. Motion"), Electronic Case Filing ("ECF") Docket Entry ("DE") #53.[1] For the reasons explained below, plaintiff's motion is denied.[2]

---

[1] All ECF docket entry references relate to the first-filed action, 11-CV-5442.

[2] In the same motion, plaintiff also seeks the recusal of the presiding District Court judge, Sandra L. Townes, see, e.g., Pl. Mot. at 1, claiming that "I know that Judge Sandra L. Townes had consulted with Judge Roanne L. Mann, on a lot of [Judge Townes'] bias[ed] decisions . . . ." Pl. Motion, DE #53 at 5. In fact, the two assigned judges had *never* consulted about this case, either orally or in writing. On February 6, 2013, Judge Townes issued a memorandum and order denying plaintiff's motion for recusal as to her. See Memorandum and Order (Feb. 6, 2013), DE #56. Plaintiff thereafter wrote to Judge Townes to "apologize for requesting [that she] be recused . . . ." Letter dated 2/12/2013 to Judge Sandra L. Townes, DE #60.

## BACKGROUND

In November 2011, plaintiff filed three separate actions, in which he alleged that defendant MTA Transit Authority (the "MTA") unlawfully discriminated against him on the basis of his race and national origin. See Complaint (Nov. 1, 2011), DE #1; see also Amended Complaint (Feb. 27, 2012) ("Am. Compl."), DE #16 at 3. Plaintiff also asserted that the MTA and defendant Core Environmental Corp. ("Core") (collectively, with the MTA, "defendants") unlawfully retaliated against him for complaining about the MTA's discriminatory treatment. See Am. Compl., DE #16 at 3. Shortly after their filing, the cases were consolidated for purposes of discovery and settlement. See Order (Nov. 14, 2011), DE #3; see also Order (Jan. 4 2012), DE #5 (noting that defendants would have to move separately for consolidation of trials).

After more than a year of discovery, on January 18, 2013, this Court held a settlement conference, which was attended by plaintiff, counsel for Core, counsel for the MTA and a MTA representative. See Minute Entry (Jan. 18, 2013), DE #50. At the conference, the Court heard on-the-record presentations from all parties as to what each expected to prove at trial based on the facts adduced in discovery. See Transcript (Jan. 18, 2013) ("Tr.") at 7-59, DE# 63. Following those presentations, and having heard no objection from any of the parties see id. at 5, 59-60, the undersigned magistrate judge met with each party separately and off-the-record to discuss their respective claims and defenses, including the weaknesses thereof. See id. After the private sessions concluded, the Court, still off-the-record, made a settlement proposal and directed each party to respond in confidence to the Court's proposal by the following week. See id. at 59.

Ultimately, no settlement was reached.  See Order (Jan. 25, 2013), DE #51.  Shortly thereafter, on February 4, 2013, plaintiff moved to recuse the undersigned magistrate judge on the basis that the Court had made biased and prejudiced comments during the settlement conference.  See, e.g., Pl. Motion, DE #53 at 6 (alleging that this Court made a "bias[ed], prejudice[d], corrupted comment" with respect to plaintiff's reputation at work); id. at 8 (arguing that the Court "promot[ed] racism" when it pointed out that the alleged racially discriminatory treatment ceased in 2010).[3]

## DISCUSSION

Pursuant to 28 U.S.C. § 455, "[a]ny justice, judge or magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned," or where  she "has a personal bias or prejudice concerning a party . . . ."  28 U.S.C. § 455(a)-(b)(1); accord ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 107 (2d Cir. 2012).  "The question . . . is whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  Id. (quotation and citation omitted).  Whether a judge should recuse herself is "committed to the sound discretion of the judge whose recusal is sought."  Kwiatkowski v. Polish & Slavic Fed. Credit Union, No. 11-CV-3947 (JG)(CLP), 2011 WL 3876983, at *1 (E.D.N.Y. Sept. 1, 2011) (citation omitted).

As an initial matter, the undersigned magistrate judge unequivocally states that she feels

---

[3] Notably, in pointing out the weaknesses in plaintiff's claims, the Court intentionally did so *ex parte* and off-the-record, so as not to prejudice plaintiff's case vis-à-vis his adversaries.  But for plaintiff's disclosures in his pending motion, defendants would be unaware of the Court's comments (which, in any event, are not accurately recounted by plaintiff).

no bias or prejudice toward any party in this matter. Her comments during the January 18, 2013 settlement conference -- whether on-the-record or off-the-record -- were not biased or prejudiced or in any way meant to promote racism or belittle plaintiff and the claims he has asserted in this matter.

More importantly, the Court concludes that no objective, disinterested observer would reach a different conclusion and find that recusal is warranted. This Court has conducted hundreds of settlement conferences, much in the same manner as she did in this matter -- to wit, she has frank *ex parte* discussions with parties about the weaknesses of their claims or defenses, in order to assist them in reasonably estimating their chances of succeeding at trial or on summary judgment.[4] So too here, during the private conference with plaintiff, without the presence of defendants, the Court identified problems with plaintiff's claims, based on the Court's knowledge of the relevant law and available, admissible facts.[5]

Plaintiff unreasonably interprets the Court's candor about the merits of his case as bias or prejudice in favor of defendants, which is not supported by law. See Stone v. Kicki, No. 04

---

[4] Plaintiff also takes offense that, in anticipation of defendants' motion for summary judgment, this Court set a schedule for filing requests for a pre-motion conference, and argues that doing so violates his constitutional right to a jury trial. See Pl. Motion, DE #53 at 10 (concerning this Court's statements regarding plaintiff's chances of surviving summary judgment); id. at 14. As the Court explained at the settlement conference, if plaintiff loses at the summary judgment stage, there would be no jury trial. See McClamrock v. Eli Lilly & Co., 2012 WL 5951842 (2d Cir. Nov. 29, 2012) (A party's "Seventh Amendment right to a jury trial . . . is not violated by an award of summary judgment, where . . . there are no disputed issues of material fact.").

[5] For brevity's sake, the Court will not address each statement or facial expression that plaintiff alleges was indicative of bias or prejudice. Needless to say, the undersigned magistrate judge takes a different view of what was said, the relevant context, and what implications may reasonably be drawn from those remarks.

Civ. 7337 (BSJ) (THK), 2005 WL 1870162, at *2 (S.D.N.Y. Aug. 5, 2005) ("A judge does not exhibit impermissible bias simply because he holds or forms an opinion about the merits of a case or a party in litigation, as a result of what the judge learned in the proceeding.") (citing Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1141 (2d Cir. 1994)).  Moreover, it is well settled that a party's dissatisfaction with a Court's settlement proposal is not a basis for recusal.  See, e.g., Shah v. Kuwait Airways Corp., No. 08 Civ. 7371 (RJH) (JCF), 2011 WL 3278912, at *2 (S.D.N.Y. July 26, 2011) ("Here, the plaintiff [] complains that I made a recommendation to her with respect to settlement and that I pointed out to her the risks and costs involved in further litigation.  That is, of course, precisely the role of a mediator.  [Plaintiff] may well disagree with my analysis of the value of her claim and of what must be proven on remand, but that is no basis for recusal.").

## CONCLUSION

Based on the above, the Court denies plaintiff's motion for recusal.  Any objection to this Memorandum and Order must be filed with the Honorable Sandra L. Townes no later than March 11, 2013, or will be deemed waived.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 20, 2013**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

-5-